**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CONSTRUCTION TESTING LABS, INC. | CIVIL ACTION NO. 08-0569 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WAL-MART STORES, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are cross Motions for Partial Summary Judgment (Record Documents 18 and 19). The defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), seeks entry of partial summary judgment finding that the instant suit is not one on open account, but rather is one for breach of contract. See Record Document 18. The plaintiff, Construction Testing Labs, Inc. ("CTL"), seeks a partial summary judgment finding that the instant case is a suit on open account, thus allowing CTL to pursue attorney's fees. See Record Document 19.

On July 21, 2009, the Court held a telephone status conference in this matter and orally granted Wal-Mart's motion (Record Document 18) and denied CTL's motion (Record Document 19). The Court's written reasons for its ruling follow.

**I. BACKGROUND.**[1]

This is an action plead as suit on open account arising out of certain testing and inspection services that CTL performed for Wal-Mart at various construction sites in Louisiana and Texas. Specifically, on or about December 19, 2004, Wal-Mart and CTL entered into a testing and inspection services agreement (the "Agreement"), under which CTL would "provide quality assurance, testing, reporting, and monitoring services" for a set

---

[1]The Court held a pretrial conference in this matter on June 18, 2009. See Record Document 17. At that time, the Court adopted the pretrial order as filed. See id. Thus, the background section is drawn exclusively from the pretrial order.

price. CTL claims that it performed the required services, but Wal-Mart refused to pay certain invoices. CTL claims that it is owed $194,061.44 in past due invoices plus judicial interest, attorneys fees, and costs.

Wal-Mart counter-claimed seeking damages for breach of contract and a declaratory judgment. Specifically, Wal-Mart claims that CTL either did not perform the services it was contractually obligated to perform or that the services that CTL did perform did not comply with the standards set forth in the Agreement. Wal-Mart claims that CTL should take nothing and that CTL owes Wal-Mart money for services that it paid for that either were not performed at all or were not performed in accordance with the contract. On July 10, 2009, CTL advised the Court regarding the status of Wal-Mart's counterclaim, stating:

> Wal-Mart, through counsel of record, has informed [CTL] that [Wal-Mart] is abandoning its claim that CTL owes Wal-Mart for services that it paid for that either were not performed at all or were not performed in accordance with the contract.

Record Document 19, ¶ 3.

As identified in the pretrial order, the parties informed the Court during the pretrial conference that they disagreed as to whether the instant action is a suit on open account or a breach of contract. See Record Document 17 at 2. The Court ordered the parties to file the instant cross motions on this issue. See id.

The majority of the underlying facts of this case, and those that are relevant to the instant motions,[2] are not in dispute. For purposes of analyzing the instant motions, the

---

[2] In the pretrial order, the parties identified four contested facts: (1) Did CTL breach the Agreement?; (2) Did Wal-Mart approve any deviation from the Agreement?; (3) Did Wal-Mart pay for services which CTL did not perform?; and (4) Did Wal-Mart pay CTL for service not performed in accordance with the Agreement? See Record Document 16 at 15.

Court hereby adopts, and incorporates by reference, the stipulated facts sets forth in the pretrial order. See Record Document 16, ¶ D at 3-14.

## II. LAW AND ANALYSIS.

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

### B. Open Account Versus Breach of Contract Claim.

The parties in this case dispute whether the instant action is a suit on open account or a breach of contract claim. Under Louisiana law, a contract is defined "as an agreement by two or more parties whereby obligations are created, modified, or extinguished,"

whereas an open account "is an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings. Services are recurrently granted over a period of time." Tradewinds Environmental Restoration, Inc. v. Biomedical Applications of LA, Inc., No. 06-1093, 2007 WL 861156, *7 (E.D.La. March 20, 2007) (internal citations omitted). A contract is an agreement in which an offer is made by a party and acceptance is made by another party, thereby establishing a concurrence in understanding the terms. See Shreveport Elec. Co., Inc. v. Oasis Pool Service, Inc., 38,776 (La.App. 2 Cir. 9/29/04), 889 So.2d 274, 279; Tyler v. Haynes, 99-1921 (La.App. 3d Cir. 05/03/00), 760 So.2d 559. The Agreement at issue in this case does not contain a provision stating that it is an open account. Thus, the Court must determine if the Agreement is a contract as opposed to an agreement s subject to the open account statute.

Louisiana Revised Statute 9:2781 provides in pertinent part:

D.   For the purposes of this Section . . ., "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. . . . .

La. R.S. 9:2781(D). To determine whether there is an open account, the following four factors should be balanced: (1) whether there were other business transactions between the parties; (2) whether a line of credit was extended; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings. See Dixie Machine Welding & Metal Works, Inc. v. Gulf States Marine Technical Bureau, Inc., 692 So.2d 1167, 1170 (La.App. 5th Cir.3/12/97). Courts have reasoned that these factors should be analyzed because they are readily distinguishable characteristics between

contracts and open accounts.  See Tradewinds Environmental Restoration, Inc., 2007 WL 861156, *7.  However, in Frey Plumbing Co., Inc. v. Foster, 2007-1091 (La. 2/26/08), 996 So.2d 969, the Supreme Court of Louisiana provided further guidance by asserting that, "[u]nder a plain reading of [La. R.S. 9:2781(D) ], there is no requirement that there must be one or more transactions between the parties, nor is there any requirement that the parties must anticipate future transactions."  Id. at 972.  Thus, it appears that the second factor, i.e., whether a line of credit was extended, serves as a key element in determining the existence of an open account in a case where the parties contest the matter.

      CTL contends that it is entitled to an open account because a line of credit was extended.  See Record Document 20 at 5.  Wal-Mart disputes this allegation, noting that "no line of credit was extended since all amounts were billed at fixed rates set forth in the written contract and were due and payable within 30 days of receipt."  Record Document 18-2 at 10; Record Document 18-5 at §§ 3.2-3.3.  The Court agrees, finding this is not a case where a line of credit was continuously running.  Further, deferred payment of 30 days does not establish an open account where, as in this case, each transaction had definitive terms.  See Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 174 (5th Cir. 2007), citing Tyler, 760 So.2d at 563.  The Agreement, and underlying business relationship, in this case do not point to an account open to future modification, but rather a contractual agreement establishing a concurrence in understanding of specific terms.[3]

---

    [3]It is apparent that there is often confusion and a great deal of litigation regarding whether agreements, such as the one at issue in this case, are simply contract or agreements subject to the Louisiana open account statute.  The confusion and costly litigation could easily be avoided if the agreements were drafted with provisions stating affirmatively whether the business relationship is one subject to the open account statute or one that is purely contractual.

The Court finds that the Agreement in this case represents a contract as opposed to an agreement subject to the open account statute. Accordingly, Wal-Mart's motion (Record Document 18) is **granted** and CTL's motion (Record Document 19) is **denied**, as CTL's suit does not constitute a claim on an open account for purposes of Section 2781(D). Rather, CTL's suit is one for breach of contract.

**C.    Continuation of Contract or Termination/Conversion to Open Account.**

In a Supplemental Memorandum in Support of Cross Motion for Summary Judgement, CTL argues that "in the absence of a written extension, the December 14, 2004 contract between Wal-Mart and CTL terminated on its own terms and the relations between the parties is that of an open account." Record Document 26. Conversely, Wal-Mart contended that the conduct of the parties extended the Agreement. See Record Document 27 at 4-6.

Section 9.1 of the Agreement provides:

> This Agreement shall be effective on the sate upon which it is fully executed and delivered by each party to the other, and shall continue for a period of twelve months. This Agreement shall be subject to extension upon written agreement of extension signed by both parties.

Record Document 18-5. The parties agree that no written agreement of extension, as contemplated by Section 9.1, was executed. However, the undisputed facts in the record reflect that the Agreement was modified to extend beyond the initial twelve month period by an oral agreement and/or the continued, consistent conduct of the parties.

Under Louisiana law, there is no requirement, nor have the parties asserted, that the underlying contract in this case was required to be in writing. Parol evidence[4] is

---

[4]Louisiana Civil Code Article 1848, known as the parol evidence rule, provides:

admissible to prove a subsequent verbal agreement, modifying or even abrogating a written contract, if the contract is not one required by law to be in writing. See Anzalone v. Gregory, 334 So.2d 504, 506 (La. App. 1 Cir. 1976). In Rhodes Steel Bldgs., Inc. v. Walker Const. Co., 35,917 (La.App. 2 Cir. 4/3/02), 813 So.2d 1171, the court reasoned:

> [T]he law is clear that written construction contracts may be modified by oral contracts ***and the conduct of the parties*** even when the written contract contains a provision that change orders must be in writing.

Id. at 1177 (emphasis added). Likewise, a Louisiana court has upheld an oral modification of a lease even though the written contract provided that modifications must be agreed to in writing to have validity. See Wahlder v. Tiger Stop, Inc., 391 So.2d 535, 538 (La.App. 3rd Cir. 1980). In Wahlder, the court specifically noted:

> In the instant case, the written lease provided that lessor (plaintiff) be given written notice at least sixty days prior to the expiration of the primary term if lessee wished to extend the lease for an extra year. However, defendant (lessee) called plaintiff ten days before the primary term expired and expressed a desire to renew the lease. Plaintiff argues he did not orally consent to the extension. However, the record contains sufficient evidence indicating that plaintiff did consent to the extension and the trial court so found. Its determination of that factual question against plaintiff is not manifestly erroneous and will not be upset.
> Once the lease was modified or altered by subsequent parol agreement, renewing the lease through November 1, 1979, that part of the written lease requiring sixty day written notice was effectively waived or abrogated with respect to the first option period. Thus, the parties remain bound under all the terms of the original lease, with the exception that the first option was renewed orally.

Id.

---

Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.

La. C.C. Art. 1848.

Here, the parties stipulated in the proposed pretrial order, which was adopted by this Court on June 18, 2009, that they "operated pursuant to [the] Agreement from December 19, 2004 to August 26, 2006." Record Document 16, ¶ D(7); Record Document 17 at 2. Standing alone, this stipulation of fact clearly evidences a situation wherein the Agreement was modified by an oral agreement and/or the conduct of the parties, despite the fact that the Agreement stated that it was to be extended only upon written agreement signed by both parties. Thus, CTL's argument that in the absence of a written extension, the December 14, 2004 contract terminated on its own terms and the relations between the parties is that of an open account fails.

### III. CONCLUSION.

Based on the foregoing, Wal-Mart's Motion for Partial Summary Judgment (Record Document 18) is **granted** and CTL's Motion for Partial Summary Judgment (Record Document 19) is **denied**. Accordingly, the Court finds that the instant suit asserts a breach of contract claim and is not a suit on open account.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of July, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE